W. S. Foster v. Chicago, Rock Island & Pacific Railway Company, Appellant.

**New trial.** The ruling on a motion for new trial, in a personal
injury action, based on a contention that the testimony of
plaintiff was contrary to the physical facts will not be dis-
turbed on appeal, where the jury found that plaintiff's evidence
was entitled to belief, and from the evidence offered to the
motion and a personal test the court found that it did not
involve a physical impossibility.

**Personal injury: EXCESSIVE DAMAGES.** A verdict for $8,500 for in-
juries received by plaintiff, fifty years of age and earning
$9 per week, which resulted in a permanently crippled condi-
tion and pain and greatly reduced earning capacity is held not
excessive.

*Appeal from Cass District Court.*—Hon. W. R. Green,
Judge.

Tuesday, April 9, 1907.

Suit to recover damages for a personal injury. Trial
to a jury, and verdict and judgment for the plaintiff. The
defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *J. B. Rockafellow,*
for appellant.

*H. M. Boorman* and *Willard & Willard,* for appellee.

Sherwin, J.— This case has once before been here on
appeal, and it will be found reported in 127 Iowa, 84, where
a statement of the facts may be found. But three points
are made by the appellant on this appeal.
1. New trial.
It is first contended that the defendant's mo-
tion for a new trial should have been granted, on the ground
that the plaintiff was guilty of misconduct in introducing

false testimony. The plaintiff was run over by a hand car. He testified that while standing on both feet on the car, and after having lost his balance by the inclination of his body backward, he sprang backward from the car and alighted six feet in front thereof, and then staggered backward several feet further before the car overtook him. The appellant contends that such testimony is not only contradicted by his former testimony in the case, but is a physical impossibility of which the court should take judicial notice. It must be conceded that his testimony on the present trial was not exactly the same as the testimony given by him on the former trial, but there is not such a variance therein as to warrant us in saying that the testimony on either one of the two occasions was false. The entire matter was before the trial jury and it was for it to determine whether the plaintiff's testimony was entitled to belief under all the facts and circumstances proven. They found that it was entitled to consideration and we are not disposed to interfere with such finding.

The appellant's contention that it was a physical impossibility for the plaintiff to make the leap backwards as testified to by him, and that the court should take judicial notice thereof is not supported by the record. In support of the motion for a new trial on this ground, and in the plaintiff's resistance thereto, the trial court had before it conflicting affidavits as to the possibility of making such a flying trip, not only this, but the trial judge gave the matter a thorough personal examination and a personal test; and, in a written opinion filed in the case by him, he announced his firm conviction that such a leap might be made by a member of the judiciary as well as by an ordinary layman, and that its accomplishment was not nearly so difficult as pretended by the appellant. We have not made any personal experiments along this line, being content for the purposes of this case to accept the conditions as presented by the record, and to say that we cannot judicially determine

that the leap backward was a physical impossibility. The appellant contends further that the court misdirected the jury in its eighth instruction, but a careful reading of the entire instruction does not warrant the construction placed thereon by the appellant, and we find no error therein.

The verdict in this case was for $8,500, and the appellant strenuously insists that the recovery is so grossly in excess of the amount to which the plaintiff showed himself **2. PERSONAL INJURY: excessive damages.** entitled as to indicate passion and prejudice on the part of the jury. The verdict is larger, perhaps, than in cases of this general nature, but the record shows without conflict that the plaintiff was very seriously injured, and that he suffered physically for many weeks on account thereof. One of his legs was broken, several ribs were broken, one lung was penetrated by a broken rib, his head was severely cut and injured and he received still other injuries. At the time of the trial he was about fifty-one years of age, and his expectancy of life was then about twenty-one years. Before his injury he was capable of earning and did earn about $9 a week and, since he has so far recovered as to be able to resume work, he has been earning about one-half that amount. Taking all of the facts and circumstances into consideration, we are disposed to say that, while the verdict is somewhat in excess of the usual allowance in cases of this kind, we do not think that it is so excessive as to indicate passion and prejudice on the part of the jury. It is always difficult to estimate the amount that will fairly compensate an injured party for the pain and suffering both physical and mental that have been and will be suffered on account of such injuries, and the courts are reluctant to disturb the finding of a jury on this question unless it clearly appears that there was no warrant in the evidence for such finding. As we have heretofore said, the plaintiff's injuries were very severe. His pain and suffering must necessarily have been great. He is left in a crippled physical condition, and, as we

read the record, he is still subject to physical pain on account of such injuries. Considering all of these matters we are of the opinion that the verdict should not be disturbed.

The judgment is therefore *affirmed*.